C. CONRAD & CO. v. R. WALSH.

(No. 1267, R. Book No. 4, p. 194.)

APPEAL from Grayson County. Opinion by WILLSON, J.

§ **229.** *Agency; proof insufficient to establish.* Where C. & Co. had as agent one S., who carried on a branch house for them at D., in a suit by W. against C. & Co. for damages growing out of a breach of contract made by them with one G., who claimed to be their agent by virtue of an appointment as sub-agent from S., *held*, that G.'s agency could not be established by his own statement that he was agent for C. & Co.'s branch house at D., appointed such by S. Such evidence was incompetent to establish the agency, and should not have been admitted. The declarations of an agent are not admissible to prove his agency. [Latham v. Pledger, 11 Tex. 439.]

§ **230.** *Sub-agency; how proved.* Where G. claimed to be a sub-agent of C. & Co. by appointment of their agent S., then the authority of S. to appoint a sub-agent should have been proven. When authority in the nature of a personal trust is conferred, it does not impliedly invest the agent with the power of substitution, but is to be considered exclusively personal, unless from the express language used, or from the fair presumption growing out of the particular transactions, or of the usage of trade, a broader power was to be conferred upon the agent. [Smith v. Sublett, 28 Tex. 163.]

§ **231.** *Bills of exceptions; alteration of.* After the defendants' bills of exception had been allowed and signed

by the judge, and filed by the clerk, the judge, at the request of plaintiff's attorney, and without the knowledge or consent of defendants or their attorney, took three of the bills from the file, and materially altered the same. *Held*, this action on the part of the judge was certainly unwarranted by any law or practice known to us, and we would not in any case, whether the party had been injured thereby or not, permit a judgment to stand when accompanied by so dangerous an irregularity.

November 11, 1882.    Reversed and remanded.